**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**


OLIVIER PLANTATION, LLC, ET AL.　　　*　　CIVIL ACTION

　　　　　　　　　　　　　　　　　　　*

VERSUS　　　　　　　　　　　　　　*　　NO. 09-3581

　　　　　　　　　　　　　　　　　　　*

ST. BERNARD PARISH, ET AL.　　　　　*　　SECTION "L" (1)


<u>ORDER & REASONS</u>

　　　　Before the Court are Plaintiffs Olivier Plantation, LLC, Park Investments, Ltd., and

Morning Park, Inc.'s Motion to Sever, Motion to Dismiss, and Motion to Remand.  Rec. Doc.

No. 5.  For the following reasons, these Motions are GRANTED, severing the claim in the

Petition from the claim in the Third-Party Demand, remanding the claim in the Petition to the

34th Judicial District Court for the Parish of St. Bernard, Louisiana, and dismissing, without

prejudice, the claim in the Third-Party Demand.

**I.　　BACKGROUND**

　　　　This case arises out of alleged damage to private properties caused by the actions of local

and federal government entities while making emergency repairs to a levee damaged by

Hurricane Katrina.  This levee, the Lake Pontchartrain and Vicinity Hurricane Protection Levee

(the "Levee"), located in St. Bernard Parish, Louisiana, was originally erected during the

construction of the Mississippi River Gulf Outlet ("MRGO"), which was Congressionally

authorized by the River and Harbor Act in 1956 and completed in 1968.  On June 18, 1967 and

April 15, 1970, Defendant Lake Borgne Basin Levee District ("LBBLD") issued resolutions

appropriating property necessary to create the Levee adjacent to the MRGO.  The federal

government, in concert with state authorities, obtained rights over the land upon which the Levee

was built.  On November 20, 1979, the LBBLD adopted a resolution whereby it appropriated borrow areas to construct the Levee.  Plaintiffs are the owners of certain property that abuts the Levee.

In August 2005, Hurricane Katrina caused damage to the Levee.  Shortly thereafter, Defendant St. Bernard Parish ("St. Bernard") signed an Executive Order invoking its emergency powers under the Louisiana Homeland Security and Emergency Assistance and Disaster Act, La. Rev. Stat. 29:721, *et seq*.  *See* Rec. Doc. No. 13-4.  Pursuant to these powers, on September 29, 2005, St. Bernard signed an Order entitled "Commandeering Property and Granting Irrevocable Right of Entry for Borrow, Access, and Construction (Repair and Rehabilitation) of the Lake Pontchartrain Louisiana and Vicinity Hurricane Protection Levee, St. Bernard Parish (hereinafter "Commandeering Order")."  Rec. Doc. No. 13-4.  Pursuant to the Commandeering Order, St. Bernard commandeered the use of certain private property within the parish near and on the west side of the Mississippi River Gulf Outlet and adjacent to and west of the Levee.  *See id*.  The Commandeering Order permitted this property to "be used to obtain borrow materials, gain access, and construct (repair and rehabilitate)" the Levee.  *Id*.  The Order also granted St. Bernard "an assignable right and easement to clear, borrow, excavate and remove soil, dirt, and other materials" from the properties.  *Id*.  The private property subject to the Commandeering Order lies within and is a part of the properties belonging to Plaintiffs.  *See* Rec. Doc. No. 16-4 (Petition, ¶ 14).

Additionally, the Commandeering Order granted LBBLD an irrevocable right of entry to the private properties for its use in obtaining borrow, access and construction of the Levee repairs and rehabilitation.  Rec. Doc. No. 13-4.  On September 30, 2005, LBBLD issued an

"Authorization for Entry for Borrow, Access, and Construction (Repair and Rehabilitation)," certifying that it had acquired real property interests in the Plaintiffs' properties pursuant to the Commandeering Order and authorizing "the Department of the Army, its agents, employees, and contractors to enter upon these lands to obtain borrow, access, and construct (repair and rehabilitate) said levee as set forth in the plans and specifications... ("Authorization")."  Rec. Doc. No. 13-5.

On October 2, 2005, St. Bernard and LBBLD (collectively referred to as the "Defendants") entered into a "Cooperation Agreement" with the United States of America, represented by Third-Party Defendant, United States Army Corps of Engineers ("USACE"). Rec. Doc. No. 13-7.  On October 17, 2005, these parties entered into the "Amended Cooperation Agreement."  Rec. Doc. No. 1-1 (Amended Cooperation Agreement).  Both Agreements designate St. Bernard and LBBLD as "Public Sponsors" obligated to provide to USACE "right of entry to all lands, easements, and rights-of-way, including suitable borrow and dredged or evacuated material disposal areas" as may be determined necessary by the USACE.  *Id.*  USACE thereafter entered the properties and borrowed, excavated and removed soil, dirt, and other materials from the Plaintiffs' properties, to repair the Levee.  Rec. Doc. No. 16-4 (Petition).

The Authorization provides that private landowners of the commandeered property "shall be identified and compensated by LBBLD in accordance with Louisiana State" law via agreement or settlement within twelve (12) months of the use of the property or otherwise LBBLD would file appropriate judicial proceedings.  Rec. Doc. No. 13-5.  The Amended Cooperation Agreement provides that USACE "shall identify and pay just compensation to the owners" of the commandeered property.  Rec. Doc. No. 1-1, ¶ B, Sec. 1.

In 2006, Plaintiffs were identified as owners of the properties from which soil, dirt, and other materials were removed pursuant to the Commandeering Order and the Authorization. They were not provided compensation for the removal or damage to their properties, nor were judicial proceedings filed on their behalf. *See* Rec. Doc No. 16-4 (Petition). As a result, Plaintiffs filed suit on May 18, 2007, in the 34th Judicial District Court for the Parish of St. Bernard, Louisiana, against Defendants St. Bernard and LBBLD. *Id*. (Case no. 109-272, "Division B"). Plaintiffs allege they suffered damages, caused by the actions of the Defendants, due to the removal of borrow material from their properties, the improper disposal of debris, the abandonment of equipment, the spillage of oil and other liquids, and other acts. *Id.* Plaintiffs seek just compensation for the damage to their properties pursuant to Louisiana Constitution Article I, Section 4. *Id*.

Subsequently, on May 8, 2009, St. Bernard moved for leave to file an Amended Answer and Third Party Demand, seeking to name USACE as a third-party defendant on the basis that USACE may be liable for Plaintiffs' alleged damages and is indispensable for a just adjudication. Rec. Doc. No. 1-1 (Motion for Leave). The motion was granted, *see id.*(Order), and on May 18, 2009, St. Bernard filed its Amended Answer and Third Party Demand alleging it is entitled to contribution from USACE pursuant to the Cooperation Agreement for any sums awarded Plaintiffs. *Id*. (Amended Answer and Third Party Demand). Then, on May 19, 2009, USACE filed a Notice of Removal to this Court pursuant to 28 U.S.C. §§§§ 1441(a), 1441(b), 1442(a)(1), 2679(d)(3). Rec. Doc. No. 1.

On June 12, 2009, Plaintiffs filed the present Motion to Sever, Motion to Dismiss, and Motion to Remand. Rec. Doc. No. 5. Responses and sur-replies to the Motions were filed. *See*

Rec. Doc. Nos. 15, 16, 17, 29, 32, 35, 38, 42.  On August 20, 2009, USACE filed a Joint Motion

to Stay Proceedings, Rec. Doc. No. 43, which the Court granted. Rec. Doc. No. 44.  Over the

next several months, the parties worked on settlement negotiations.  *See* Rec. Doc. Nos. 46, 47.

Unable to reach a resolution, Plaintiffs requested the Court take under advisement their pending

Motions, to which the Court agreed and directed the parties to submit supplemental briefing.

Rec. Doc. No. 51.  The supplemental briefs have now been submitted, and the Court is prepared

to consider and rule on the Plaintiffs' pending Motions.  A summary of the parties' arguments

follows, after which the Court discusses the applicable law, relevant facts, and its analysis

thereof.

## II.      MOTION TO SEVER, MOTION TO DISMISS, & MOTION TO REMAND

As mentioned above, numerous briefs have been submitted regarding the Plaintiffs'

Motion to Sever, Motion to Dismiss, and Motion to Remand.  The Court, rather than discuss

each brief in turn, will summarize each parties' cumulative position based upon their

submissions.

### A.      Plaintiffs

Plaintiffs filed a Motion to Sever, Motion to Dismiss, and Motion to Remand requesting

the Court to, (1) sever their state law claim against the Defendants from St. Bernard's Third-

Party Demand against USACE, (2) dismiss the Third-Party Demand, and (3) remand their state

law claim to the 34th Judicial District Court for the Parish of St. Bernard.  Rec. Doc. No. 5.

Plaintiffs raise the following arguments in support of their Motion.

First, Plaintiffs argue that since no tort claims have been alleged, only a state

constitutional law takings claim against the Defendants, and an indemnity claim against USACE,

the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2674, do not confer jurisdiction on this Court.

Second, Plaintiffs argue that their takings claim is brought solely against the local, Louisiana Defendants, on the basis of the Defendants' exercise of eminent domain authority over Plaintiffs' properties, and their involvement with the non-federal Levee, a state project. Plaintiffs note that their Petition contains no allegations against USACE, and thus contend that they have not alleged a Fifth Amendment claim under the U.S. Constitution against USACE.

Third, Plaintiffs contend that neither the 34th Judicial District Court for St. Bernard Parish nor this Court has jurisdiction over the Third-Party Demand. Rather, they claim that since this claim involves a contract for more than $10,000, exclusive jurisdiction lies with the U.S. Court of Federal Claims pursuant to 28 U.S.C. § 1491(a)(1).

Fourth, Plaintiffs argue that since, (1) the Federal Tort Claims Act does not apply, (2) they have not alleged a Fifth Amendment claim against USACE, and (3) the Court of Federal Claims has exclusive jurisdiction over the Third-Party Demand, there exists no basis for original jurisdiction to support removal pursuant to 28 U.S.C. § 1441.

Fifth, Plaintiffs claim that while 28 U.S.C. § 1442(a)(1) permits USACE, as an agency of the United States, to remove the present action, because the removal jurisdiction conferred thereunder is derivative of the state court jurisdiction, the Court must dismiss claims over which the state court lacked jurisdiction and remand any other claims.

Sixth, Plaintiffs contend that severance of the claim in the Petition from the claim in the Third-Party Demand is warranted on the following bases: the prejudice suffered by Plaintiffs due to additional delay of resolution of their claims filed years ago, substantial discovery has been completed in state court, and the delay of St. Bernard in asserting the Third-Party Demand.

Seventh, Plaintiffs argue that the present matter cannot be transferred to the Court of Federal Claims pursuant to 28 U.S.C. § 1631 since such transfer would not be in the interest of justice given that the Court of Federal Claims is without jurisdiction to adjudicate the substantive issues of state law involved in this case.

**B.      USACE**

USACE has filed a number of response briefs to Plaintiffs' Motion.  *See* Rec. Doc. Nos. 15, 35, 60.  Initially, USACE took the position that, (1) removal was appropriate pursuant to 28 U.S.C. § 1442(a)(1) since it is an agency of the United States, named in the Third-Party Demand, and (2) sought transfer of the entire case to the Court of Claims, invoking the Tucker Act, on the basis that the Petition raises a Fifth Amendment inverse condemnation claim against USACE. *See* Rec. Doc. No. 15.  USACE alleged that Plaintiffs have no valid claim against the local Defendants since these Defendants are immune for their emergency actions and their acquisition of a right of entry did not constitute a "taking" for purposes of the Louisiana Constitution.  *Id.* USACE claimed that the inverse condemnation was the result of its Congressionally authorized exercise of eminent domain on a federal project, independent of the Commandeering Order or Right of Entry, and thus Plaintiffs' claim arises under the Fifth Amendment of the United States Constitution.  *Id.*  USACE also argued that Plaintiffs' reliance upon derivative jurisdiction to support remand, is incorrect since derivative jurisdiction has been abolished.

Thereafter, however, USACE changed its position, arguing for the first time, consistent with Plaintiffs, that this Court lacks jurisdiction over the Third-Party Demand which served the basis for removal, and as a result the Third-Party Demand should be dismissed and the remaining claim between Plaintiffs and the local Defendants be remanded to state court.  Rec. Doc. No. 60.

USACE claims that the Court of Federal Claims has sole jurisdiction over the Third-Party Demand because of the $10,000 jurisdictional limit of the Tucker Act. It further claims that remand is appropriate since transfer to the Court of Federal Claims would be futile at this time given that the loss or damage of the underlying claim has not yet been established, rendering the indemnity claim unripe.

## C.      LBBLD

LBBLD has filed a number of response briefs in opposition to Plaintiffs' Motion, a summary of which follows. *See* Rec. Doc. Nos. 17, 38, 56. First, LBBLD adopts USACE's previous arguments supporting transfer of the case to the Federal Court of Claims pursuant to the Tucker Act. It alleges that the taking claim against it fails since it has a valid servitude over Plaintiffs' properties pursuant to the *St. Julien* doctrine, which grants it a right to use the Plaintiffs' properties for levee repairs. LBBLD argues that its actions in conjunction with this servitude did not constitute a taking under Louisiana law since its only action related to this case was the granting of a right-of-entry to USACE.

Alternatively, LBBLD argues that this Court has jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), because there are tort claims alleged against USACE in both the Petition and Third-Party Demand. LBBLD claims that the property damages alleged in the Petition and the contribution sought in the Third-Party Demand constitute tort claims under Louisiana law. LBBLD alleges that Plaintiffs' claims are entirely and properly against USACE on the basis that the Amended Cooperation Agreement requires USACE to identify and compensate landowners, not the local Defendants. Thus, LBBLD contends that because the theories of liability against it and USACE are intertwined, this Court should retain jurisdiction

over the entirely of the lawsuit.

### D. St. Bernard

St. Bernard has filed a number of response briefs in opposition to Plaintiffs' Motion. *See* Rec. Doc. Nos. 16, 32, 58. St. Bernard claims that it filed the Third-Party Demand against USACE on the basis that USACE is the true party responsible for the damage caused to Plaintiffs' properties. It further claims the present matter was properly removed to this Court pursuant to 28 U.S.C. § 1442(a)(1) on the basis that USACE is an agency of the United States. St. Bernard otherwise adopts the arguments raised by USACE, before it changed its position, and those raised by LBBLD.

## III. LAW & ANALYSIS

### A. Standard of Review

#### 1. Motion to Sever

Under Federal Rule of Civil Procedure 41(a)(4), any party may move to sever a third-party demand. Additionally, Rule 21 grants a district court the authority to sever any claim against a party. Fed. R. Civ. P. 21. Rule 42(b) provides that the district court, for convenience of the parties, to avoid prejudice, or to expedite and economize, may order a separate trial for third-party claims. Fed. R. Civ. P. 42(b). The district court has broad discretion to sever issues to be tried. *Xavier v. Belfour Group USA, Inc*., 2008 WL 4862549, at *3 (E.D. La. Sept. 23, 2008)(citing *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1995)).

> A district court may consider the following factors in order to determine whether claims should be severed: (1) whether the claims arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance; and (5) whether different witnesses and documentary proof are required for separate claims. *Id*. (citing *McFarland v. State Farm Fire & Cas. Co.*, 2006

WL 2577852, at *1 (S.D. Miss. Sept. 6, 2006)).

### 2.    *Motion to Dismiss*

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  However, "[f]actual allegations must be enough to raise a right to relieve above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)(quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).  The moving party bears the burden of showing that "plaintiff can prove no set of facts consistent with the allegations in the complaint which would entitle it to relief." *Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986).  The reviewing court "must accept all well-pleaded factual allegations in the light most favorable to the non-moving party." *American Waste & Pollution Control Co. v. Browning Ferris Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991).  Conclusory allegations or legal conclusions however will not suffice to defeat these motions. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993).

### 3.    *Motion to Remand*

When removing a case to federal court, the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  Any jurisdiction determination is based on the claims in the state court petition as they existed at the time of removal, *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995), and any ambiguities are construed against removal because the

removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). If at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case shall be remanded to state court. 28 U.S.C. § 1447(c).

### B.      Subject Matter Jurisdiction

In order to determine whether the present matter should be subjected to severance, dismissal and remand, as Plaintiffs and USACE urge, or transferred to the Court of Federal Claims or, alternatively, remain before the Court, as Defendants urge, the Court must first determine whether it has subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); 28 U.S.C. § 1631; Fed. R. Civ. P. 12(h)(3). The case was removed to the Court on two separate bases: (1) the Federal Tort Claims Act on the basis of tort claims against USACE pursuant to 28 U.S.C. §§§ 1441(a), 1441(b), 1442(a)(1) and 2679(d)(3); and (2) the claims against USACE as an agency of the United States, pursuant to 28 U.S.C. § 1442(a)(1), the federal officer or agency removal statute. If the Court determines that it does not have subject matter jurisdiction over the case on at least one of these bases, it must determine whether the case should be remanded, in whole or part, to the Twenty-Fifth Judicial District Court for the Parish of St. Bernard, Louisiana, where it was originally filed, dismissed, in whole or in part, or transferred, in whole or part, to the Court of Federal Claims. The Court will now discuss subject matter jurisdiction under the Federal Tort Claims Act and the federal officer or agency removal statute.

### 1.      *Subject Matter Jurisdiction-Federal Tort Claims Act*

In the Federal Tort Claims Act ("FTCA"), Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees. *See* 28 U.S.C. §

1346(b)(1).  Relevant to the present matter, the FTCA authorizes,

> [C]laims against the United States, for money damages...for...loss of property...caused by the negligent or wrongful act or omission by any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  *Id.*

Thus, in order for this Court to have subject matter jurisdiction pursuant to the FTCA, there must be tort allegations against USACE, an employee of the United States, for money damages for loss of the Plaintiffs' property caused by USACE's negligent or wrongful acts or omissions.

a.    The Petition

In the Petition, Plaintiffs allege a takings claim under the Louisiana Constitution against Defendants St. Bernard and LBBLD, seeking just compensation.  The Petition contains the following specific allegations in support of this claim.  Plaintiffs allege that St. Bernard, pursuant to its emergency powers, signed the Commandeering Order, commandeering Plaintiffs' private properties to obtain borrow materials, gain access, and construct the Levee.  Pls. Petition ¶¶ 8-11.  Plaintiffs further allege that the Commandeering Order granted St. Bernard an assignable right and easement to clear, borrow, excavate and remove, soil, dirt and other materials from the Plaintiffs' properties.  *Id.* at ¶ 12.  Additionally, Plaintiffs allege the Commandeering Order granted an irrevocable right of entry to their properties to LBBLD for its use in obtaining borrow, access and construction of the Levee for repair and rehabilitation.  *Id.* at ¶ 13.  Plaintiffs allege that LBBLD then issued an Authorization for USACE to enter Plaintiffs' properties to use its right of entry.  *Id.* at ¶ 15.  Pursuant to this Authorization, Plaintiffs allege, that USACE "entered upon the [Plaintiffs' properties] and removed large quantities of borrow material and caused damages through their access and construction activities."  *Id.* at ¶ 16.  The Petition states

that the Authorization requires LBBLD to identify and compensate the Plaintiffs in accordance with Louisiana state law within twelve months of the use of their properties or otherwise LBBLD would file appropriate judicial proceedings, neither of which have occurred. *Id.* at ¶¶ 17-18. The Petition further states the Plaintiffs "have been damaged by the actions of St. Bernard Parish and the LBBLD due to the removal of an unknown quantity of borrow material from the Properties, the failure to properly dispose of debris, the abandonment of pieces of equipment, the spillage of oil and other liquids, and by other acts as may be shown at trial." *Id.* at ¶ 19. Plaintiffs seek "just compensation for [their] damages pursuant to Louisiana Constitution Article I, section 4 to the full extent of [their] loss, including attorney fees, [and] interest from the date of taking and costs." Pls. Petition ¶ 20.

Plaintiffs do not allege claims, tort or otherwise, against USACE, thus, there is no subject matter jurisdiction pursuant to the FTCA based upon the Petition. Defendants claim that certain allegations involving USACE amount to tort claims under Louisiana law. However, "[a] federal question 'is presented' when the complaint invokes federal law as the basis for relief. It does not suffice that the facts alleged in support of an asserted state-law claim would also support a federal claim." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 12 (2003)(Scalia, J. dissenting). Furthermore, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, the plaintiff is the master of the claim and may avoid federal jurisdiction by exclusively relying on state law, even where a federal claim is also available. *Id.*; *see Hoskins v. Belkins Van Lines*, 343 F.3d

769, 772-73 (5th Cir. 2003)("A plaintiff with a choice between federal- and state-law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded"). Assuming Plaintiffs could have asserted tort claims against USACE, they have chosen not to, and are entitled to decline to do so as the masters of their Petition; therefore, the facts alleged involving USACE do not give rise to federal question jurisdiction pursuant to the FTCA.

The Court recognizes there are exceptions to the well-pleaded complaint rule. For example, where a case with only state law claims in which "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S.Cal.*, 463 U.S. 1, 9 (1983); *see Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006); *In re Carter*, 618 F.2d 1093, 1100 (5th Cir. 1980). However, for a district court to exercise federal-question removal jurisdiction on this basis, the plaintiff's claim must "necessarily raise a state federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfr.*, 545 U.S. 308, 314 (2005). In the present matter, a determination of whether the Defendants' actions constituted a taking under the Louisiana Constitution does not implicate any issues of federal law, and thus, does not provide a basis for this Court to exercise federal subject matter jurisdiction.

A second exception to the well-pleaded complaint rule is the artful pleading doctrine. The artful pleading doctrine provides that "Congress may so completely preempt a particular area [of law] that any civil complaint raising this select group of claims is necessarily federal in

character." *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000)(quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).  The artful pleading doctrine relies exclusively on complete preemption.  *Waste Control Specialists, LLC v. Envirocare of Tex., Inc.*, 199 F.3d 781 (5th Cir. 2000).  No parties have suggested that there exists complete preemption in the present matter to provide this Court with jurisdiction, nor does the Court find any basis for complete preemption.  Thus, the artful pleading doctrine is not implicated in the present matter.

b.      The Third-Party Demand

St. Bernard's Third-Party Demand notes the allegations in the Petition involving USACE, and alleges that the "[Amended] Cooperation Agreement requires [USACE] to identify and compensate the [Plaintiffs]," and it is "entitled to contribution from third-party defendant, [USACE] for any and all sums that Plaintiffs may be awarded in this action."  Rec. Doc. No. 1-1.  That the Amended Cooperation Agreement constitutes a contract entered into by St. Bernard, LBBLD and USACE is not disputed.  The Agreement states that USACE is authorized by 33 U.S.C. § 701n to assist in the repair and restoration of the Levee and the Defendants have the authority and legal capacity to furnish the "non-Federal cooperation" and participation in the Levee project.  *See* Rec. Doc. No. 1-1.  It further provides that USACE "shall identify and pay just compensation to the [Plaintiffs]."  *Id.*

"The Federal Tort Claims Act does not extend subject matter jurisdiction over breach of contract claims."  *Davis v. United States*, 961 F.2d 53, 56 (5th Cir. 1991)(citing *Woodbury v. United States*, 313 F.2d 291, 295 (9th Cir. 1963)).

> [C]laims which are founded upon an alleged failure to perform contractual obligations are not tort claims that support subject-matter jurisdiction under the Federal Tort Claims Act.  This principle holds true regardless of whether the plaintiff chooses to characterize the failure in terms of negligence upon the part of the contracting officer or other

government officials.  *Id.*

Furthermore, "the Federal Circuit has instructed that 'it is well established that where a tort claim stems from a breach of contract, the cause of action is ultimately one arising in contract, and thus is properly within the exclusive jurisdiction of the Court of Federal Claims...'" *Dobyns v. U.S.*, 91 Fed. Cl. 412, 418 (Fed. Cl. 2010)(quoting *Awad v. United States*, 301 F.3d 1367, 1372 (Fed. Cir. 2002)).  Because the Amended Cooperation Agreement, a contract, obligates USACE to compensate the Plaintiffs for the damages to their properties, any claim arising therefrom would sound in contract, not tort.  Even though St. Bernard seeks "contribution" from USACE, this claim is dependant upon the Plaintiffs' success in their Louisiana state law takings claims against the Defendants, not on any tort claims.  Accordingly, Defendants have not alleged a tort claim against USACE which would grant this Court subject matter jurisdiction pursuant to FTCA.

c.  *Anderson v. Red River Waterway Commission*

Defendants rely upon the Fifth Circuit's decision in *Anderson v. Red River Waterway Commission*, 231 F.3d 211, to support their claim that this Court possesses jurisdiction over the case.  The facts of *Anderson* are somewhat similar to the present matter in that they involve a state law inverse condemnation claim by landowners against a local commission and a third party demand against USACE.  231 F.3d 211.  The *Anderson* case was removed to federal district court pursuant to 28 U.S.C. § 2679(d), the FTCA.  *Id.* at 231.  The Fifth Circuit affirmed the decision of the district court to deny a motion to sever and remand the principal claim back to state court on the basis that, under § 1441(c) the district court was without discretion to sever and remand the action since plaintiffs failed to demonstrate any factual distinction between the

16

primary claim and the third-party claim. *Id.* at 214.

However, *Anderson* is distinguishable from the present matter since, unlike *Anderson*, here there is no original federal question jurisdiction pursuant to the FTCA or otherwise. Additionally, the statute at issue in *Anderson*, 28 U.S.C. § 1441(c), only applies "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by [original federal question jurisdiction] is joined with one or more otherwise non-removable claims or causes of action." 28 U.S.C. § 1441(c); *see generally Washington v. Ernster*, 551 F.Supp.2d 568, 575 (E.D. Tex. 2007)("Nevertheless, this case is outside the purview of § 1441(c) because the parties do not assert any claims that fall within the court's federal question jurisdiction"). Here, there is no federal question jurisdiction; therefore, this statute is inapplicable to the present case. *See id.*

*Anderson* is also distinguishable from the present matter on the basis it affirmed the grant of a motion for summary judgment on the merits as to whether the plaintiffs could recover from the local defendant and/or USACE for their damages, 231 F.3d at 215, while the present Motion to Dismiss alleges lack of subject matter jurisdiction. *See Hix. U.S. Army Corps. of Engineers,* 155 Fed. App'x 121, 128 (5th Cir. 2005)(quoting *Stanley v. Cent. Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1981)("Since the granting of summary judgment is a disposition on the merits of the case, a motion for summary judgment is not the appropriate procedure for raising the defense of lack of subject matter jurisdiction")). Thus, in the present case, unlike in *Anderson*, it is appropriate for the Court to limit its consideration to the jurisdictional issues presented. *Id.*

    2.    *Subject Matter Jurisdiction-Federal Officer Removal Statute*

USACE removed the present matter on an additional basis, 28 U.S.C. § 1442(a), the federal officer or agency removal statute, which permits removal when a civil action is filed in state court against the United States or an agency or officer thereof. *See* Rec. Doc. No. 1, ¶ III. Section 1442 "results in removal of the entire civil action, including otherwise non-removable claims asserted by and against non-governmental parties." *JAJ Ventures, LLC v. Envtl. Chem. Corp.*, 2009 WL 911020, at *3 (E.D. La. Mar. 31, 2009)(citing *IMFC Prof. Servs. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 156-57 (5th Cir. 1982)). The parties do not dispute that USACE is a proper agency of the United States, permitted to remove the case under 28 U.S.C. § 1442(a). Rather, the dispute involving 28 U.S.C. § 1442(a) raises the issue of whether the statute confers subject matter jurisdiction on the Court. At the heart of this inquiry is the derivative jurisdiction doctrine.

The derivative jurisdiction doctrine "recognizes that a court lacks jurisdiction on removal because it cannot have jurisdiction where the state court from which the action was removed lacked jurisdiction." *In re Katrina Canal Breaches Consol. Litig.*, 2007 WL 1461036, at *2 (E.D. La. May 16, 2007)(citing *Barnaby v. Quintos*, 410 F.Supp.2d 142, 143 (S.D.N.Y. 2005)). Although Congress has eliminated this doctrine from removals pursuant to 28 U.S.C. § 1441, *see id.*; 28 U.S.C. § 1441(f), "courts have consistently held that the doctrine still applies to removals pursuant to § 1442." *In re Katrina Canal Breaches Consol. Litig.*, 20076 WL 1461036, at *2. This Court and others recognize that the doctrine is "arguably outdated and illogical in nature," yet "courts from other circuits continue to apply the doctrine [] to matters properly removed pursuant to § 1442." *JAJ Ventures,* 2009 WL 911020, at *3. Furthermore, "in the absence of definitive guidance from the Supreme Court or the Fifth Circuit, this Court finds no reason to

disagree with the rationale of these courts' decisions." *Id.*

In the present matter, the state court lacked jurisdiction over the present matter once USACE was added as a third-party defendant. Pursuant to 28 U.S.C. § 1346(a)(2), the district courts and the United States Court of Federal Claims have original jurisdiction over claims against the United States arising from "any express or implied contract." Whether this Court or the Court of Federal Claims has jurisdiction depends upon whether the claim is more or less than $10,000, 28 U.S.C. §§ 1346(a)(2); 1491(a)(1), and will be discussed more thoroughly below. *See infra* pp. 21-23. Therefore, the state court does not have jurisdiction over the present matter as long as the Third-Party Demand against USACE remains in the case. Accordingly, following the great weight of jurisprudence, the Court applies the derivative jurisdiction doctrine and finds that it lacks subject matter jurisdiction over the Third-Party Demand, and the case as a whole.


**C.      Transfer to the Court of Federal Claims**

The Defendants urge the Court to transfer the entire case to the Court of Federal Claims. Pursuant to the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over Fifth Amendment takings claims and contract claims that seek monetary damages in excess of $10,000 against the United States. *See* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1); *Chichakli v. Szubin*, 546 F.3d 315, 317 (5th Cir. 2008). The Tucker Act, which grants the Court of Federal Claims jurisdiction to hear certain claims, does not "provide a substantive right to relief and, standing alone, is insufficient to grant jurisdiction to the [Court of Federal Claims]." *Riser v. United States*, 93 Fed. Cl. 212, 215 (Fed. Cl. 2010); *see Peninsula Group Capital Corp. v. United States*, 93 Fed. Cl. 720 (Fed. Cl. 2010)( "No substantive rights are created by the Tucker Act,

which merely allows [the Court of Federal Claims] to exercise jurisdiction over the federal government when a substantive right exists, such as when the government has breached a contract"). "Therefore, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages." *Wyoming Sawmills, Inc. v. United States*, 90 Fed. Cl. 148, 153 (Fed. Cl. 2009)(citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)(en banc)).

### 1.     *Fifth Amendment Claims*

The Defendants claim that Plaintiffs' Petition raises a Fifth Amendment takings claim against the United States since USACE is solely responsible for the damage to the Plaintiffs' properties. On this basis, they argue that the entire case should be transferred to the Court of Federal Claims for adjudication. However, the Petition contains no language alleging a Fifth Amendment takings claim against USACE; the only claim in the Petition is a state law taking claim pursuant to the Louisiana Constitution against the local Defendants. Pursuant to the well-pleaded complaint rule, *see supra* pp. 14-15, Plaintiffs' Petition, which contains no Fifth Amendment claim against USACE, does not give rise to the Court of Federal Claims' subject matter jurisdiction over the case. *Caterpillar,* 482 U.S. at 392; *Acceptance Ins. Companies, Inc. v. United States,* 503 F.3d 1328, 1334 (Fed. Cir. 2007). Nor do the exceptions to the well-pleaded complaint rule apply here; federal law is not necessary for a determination of the state law takings claim, nor is there complete preemption. *See supra* p. 15.

Furthermore, Defendants raise a number of substantive Louisiana state law issues, such as the *St. Julien* doctrine and immunity, in conjunction with their defense that Plaintiffs fail to

allege a takings claim against them, and instead raise a Fifth Amendment claim against USACE. However, the Court of Federal Claims does not have jurisdiction to entertain these substantive Louisiana state law issues. *See* 28 U.S.C. § 1491(a)(1); *Sounders v. South Carolina Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007)("Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims"). Additionally, federal defenses to a claim, such as the Defendants' invocation of the Fifth Amendment, are not sufficient to confer subject matter jurisdiction. *See Parker v. United States,* 93 Fed. Cl. 159, 160 (Fed. Cl. 2010)("However, 'determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed'"); *Aaron v. Nat. Union Fire Ins. Co. of Pittsburgh,* 876 F.2d 1157, 1161 (5th Cir. 1989)("Thus, the general rule provides that a federal defense to a state law claim does not create removal jurisdiction"). Accordingly, since Plaintiffs have not alleged a Fifth Amendment takings claim against USACE, there exists no basis under the Fifth Amendment for transferring the present matter to the Court of Federal Claims.

        2.       *Contract Claims Against USACE*

As discussed above, St. Bernard raised a contract claim, arising from the Amended Cooperation Agreement, against USACE, as an agency of the United States, in the Third-Party Demand. *See supra* pp. 15-17. As to this claim, the parties agree that the Third-Party Demand is for more than $10,000 since Plaintiffs seek more than $10,000 from the Defendants, rendering the Third-Party Demand also in excess of $10,000. *See* Rec. Doc. Nos. 17, p. 2; 42, p. 9; 60, p. 9; *see e.g. Chichakli*, 546 F.3d at 317. Accordingly, it appears at first glance appropriate for this Court to transfer either the entire case or the Third-Party Demand to the Court of Federal Claims

pursuant to 28 U.S.C. § 1631.  Section 1631 provides, "[w]henever a civil action is filed in a court... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action...to any other such court in which the action...could have been brought at the time it was filed..."  28 U.S.C. § 1631.  However, before such a transfer, the Court must consider, (1) whether the Court of Federal Claims has jurisdiction over the matter, and (2) whether the transfer to the Court of Federal Claims is in the "interest of justice."

Whether or not St. Bernard has a claim against USACE arising from the Amended Cooperation Agreement entirely depends upon the resolution of the Plaintiffs' claim against the Defendants under the Louisiana Constitution.  *See Mary Kay Holding Corp. v. Federal Ins. Co.*, 309 Fed. App'x 842, 848 n.4 (5th Cir. 2009).  The Court of Federal Claims does not have jurisdiction to decide Louisiana state law claims.  *See* 28 U.S.C. § 1491(a)(1); *Sounders v. South Carolina Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007)("Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims").  Although the Court of Federal Claims may exercise pendent jurisdiction over state law claims, it has declined to do so where the "precise legal question presented by the plaintiffs was one of state law" as opposed to where a plaintiff states a claim granting the Court of Federal Claims jurisdiction along with "state contract claims being truly *pendent*."  *Trek Leasing, Inc. v. United States*, 62 Fed. Cl. 673, 679-81 (Fed. Cl. 2004)); *see Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567 (Fed. Cir. 1997).  Additionally, it is premature for the Defendants to raise a claim against USACE for indemnity since no decision has been made as to Plaintiffs' takings claim against Defendants, *see Schooner Harbor Ventures, Inc. v. United States*, 92 Fed.Cl. 373, 378-79 (Fed.Cl. 2010)("However, the Court of Federal Claims does not have jurisdiction over claims

that are not ripe").  Thus, the Court of Federal Claims lacks jurisdiction over the present matter.

In addition, the Court finds it is not in the "interest of justice" to transfer the case to the Court of Federal Claims given that the Defendants have the option to re-file their claim against USACE in the Court of Federal Claims, without penalty, if and when Plaintiffs prevail against the Defendants on their state law claim.  *See e.g. Dalrymple v. Grand River Dam Authority*, 145 F.3d 1180, 1187 (10th Cir. 1998)(holding the district court committed no error in dismissing third party complaints within the jurisdiction of the Court of Federal Claims since transfer was not in the interest of justice given the complaints could be re-filed without penalty); *Earnest v. United States*, 33 Fed. Cl. 341, 344-45 (Fed. Cl. 1995)(holding transfer pursuant to 28 U.S.C. § 1631 is not necessary to advance the interests of justice when the plaintiff may re-file without penalty in the proper court).  Thus, Defendants may, after resolution of the state court takings claim, file a timely claim against USACE arising from the Amended Cooperation Agreement in the Federal Court of Claims.  *See* 28 U.S.C. § 1491(a)(1).  Likewise, Plaintiffs, if they deem appropriate in the future, may file a timely Fifth Amendment taking claim against USACE in the Court of Federal Claims.  *See Sounders,* 497 F.3d at 1308.  Accordingly, transfer of the case or a claim thereof to the Court of Federal Claims is not appropriate.

### D.     Sever, Dismiss & Remand

The Court has determined that it lacks subject matter jurisdiction over both claims in the present matter.  Given the unique circumstances of this case, i.e. that no one court has jurisdiction to hear both claims simultaneously, the Court exercises its broad discretion to sever the Plaintiffs' claim in the Petition from the Defendants' claim in the Third-Party Demand.  *See* Fed. R. Civ. P. 21; *Xavier*, 2008 WL 4862549, at *3.  With regard to the Plaintiffs' Louisiana

state law takings claim against the Defendants, the Court finds that this claim should be remanded to state court pursuant to 28 U.S.C. § 1447(c).  With regard to the Defendants' Third-Party Demand against USACE arising from the Amended Cooperation Agreement, the Court finds that remand is inappropriate since there is no jurisdiction in state court, *see* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1); nor is it appropriate for the Court to transfer the Third-Party Demand to the Court of Federal Claims.  *See supra* p. 23.  Accordingly, the Court exercises its authority to dismiss the Third-Party Demand, without prejudice.  *See* Fed. R. Civ. P. 12(h)(3); *see also* 28 U.S.C. § 1631.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs Olivier Plantation, LLC, Park Investments, Ltd., and Morning Park, Inc.'s Motion to Sever, Motion to Dismiss, and Motion to Remand, Rec. Doc. No. 5, is GRANTED, severing the Plaintiffs' claim in the Petition from the Defendants' claim in the Third-Party Demand, remanding the Plaintiffs' claim in the Petition to the 34th Judicial District Court for the Parish of St. Bernard, Louisiana, and dismissing, without prejudice, the Defendants' claim in the Third-Party Demand.

New Orleans, Louisiana, this 23rd day of September, 2010.

_____

UNITED STATES DISTRICT JUDGE